Cuma, per
Johnson.
The ground of this motion contains a proposition, which when considered abstractly will be universally admitted. The declaration of a party interested can never, per se, be admitted as evidence of his right; but when considered with reference to the facts of this ease, it will be seen that it has no application. The. witness M’Garrity, stated that by the direction of Peter Nance, he cut some logs near the spot designated in the plot by the eastern line, and not far distant from the line of lands granted to Agnes Henry, which he claimed as a boundary, and which he pointed out to him. Now the fact of cutting the logs was an act of ownership, and as such, an evidence of his claim to the land, and proved all that can be deduced from his declaration. But they were admissible on another principle. The character of every act must be determined by the circumstances attending it. The words and actions of the actor constitute a part of the thing done, as necessary to its explanation. Let us take the case under consideration for an example..— Nance directed the logs to be cut at that place, and it was competent for the plaintiff to show that he did it under a license from another the rightful owner, or that he did so knowing that it belonged to another, and his declarations would have been evidence of the fact, and thus explain what would otherwise be regarded as an act of ownership. The rule must work both ways, and whatever one party may use must be accessible to the other. The ease of Turpin vs. Brannon, 3 M’Cord 266, is decisive of this question. There the court lay it down as a rule, that the declarations of a party made at the time may be received as explanatory of the act done as a part of the resjsstse.

New trial refused.